IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOSEPH CATANZARITE,<br><br>            Plaintiff,<br><br>   v.<br><br>R. HOREL, Acting Warden; D. SMITH, Captain; R. LINFORD, Counselor; L. POLK, CDW; P. SOMERA, Counselor; and R. KIRKLAND, Warden, all at Pelican Bay State Prison; and M. CARRASCO, Captain; K. E. TODD, CDW; D. COWEE, Counselor; J. COWEN, Counselor; T. MEADORS, Acting Warden; M. BRYANT, Captain; M. NIPPER, Counselor; M.D. STAINER, Acting Warden; O. PENA, CDW; and J. GENTRY, lieutenant, all at the California Correctional Institution,<br><br>            Defendants.<br>                                                          / | No. C 07-0677 WHA (PR)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**(Docket No. 76)** |

**INTRODUCTION**

Plaintiff, an inmate at the California Correctional Institution at Tehachapi, filed a pro se civil rights complaint under 42 U.S.C. 1983. On October 10, 2007, the complaint was found to state a cognizable claim that defendants violated plaintiff's right to due process in connection with his placement in the Security Housing Unit ("SHU") for an indeterminate term. Defendants R. Horel, D. Smith, R. Linford, L. Polk, P. Somera, R. Kirkland, M. Carrasco, K. E.

Todd, D. Cowee, J. Cowen, T. Meadors, M. Bryant, M. Nipper, M.D. Stainer, O. Pena, and J. Gentry filed a motion for summary judgment, which was granted on March 10, 2010, over plaintiff's opposition. Judgment was entered in favor of defendants on the same day. Plaintiff has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

**ANALYSIS**

A motion to alter or amend judgment under Rule 59 must be made within ten days of entry of judgment. See Fed. R. Civ. P. 59(e). The motion was filed on April 5, 2010, twenty-one days after entry of judgment. The "mailbox" rule allows a filing by a prisoner proceeding pro se to be deemed filed on the date plaintiff handed it to prison authorities for mailing. There is no evidence as to when plaintiff handed the instant motion to prison officials for mailing, but the earliest possible date is the date he signed it – March 29, 2010, which is more than ten days after the entry of judgment. Consequently, even under the "mailbox" rule, the motion to alter or amend judgment under Rule 59(e) (docket number 76) is untimely and must be **DENIED.**

Even construed as a motion for reconsideration under Rule 60(b), which has no time limit, the motion fails on its merits. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff raises three arguments in support of his motion, all of which challenge the finding that plaintiff's participation in taking a prison employee hostage, tying her up, and threatening her with a flame and flammable aerosol can constituted "some evidence" that he posed a risk of harm and danger to the institution, and thereby satisfied the requirements of due process for his placement and retention in the SHU. *See Superintendent v. Hill*, 472 U.S. 445,

1  455 (1985) (holding that prison disciplinary proceedings do not satisfy due process
2  requirements unless there is "some evidence" in the record to support the findings of the prison
3  disciplinary board). To begin with, plaintiff's arguments challenge the reasoning and analysis
4  of the court's order, and as such they are properly raised on appeal, not in a motion for
5  reconsideration. *See   Twentieth Century - Fox Film Corp.*, 637 F.2d at 1341 (motions for
6  reconsideration should not be frequently made or freely granted; they are not a substitute for
7  appeal or a means of attacking some perceived error of the court). In any event, his arguments
8  are without merit.

9  First, plaintiff argues that *Hill*'s "some evidence" standard only applies to the initial
10 decision to place him in the SHU, not to the periodic decisions to keep him there. Plaintiff cites
11 no authority in support of this argument, nor is the Court aware of any. *Hill* certainly does not
12 make that distinction; it simply applies to a disciplinary decision by prison officials, *see* 472
13 U.S. at 454-55, such as the decisions to place and retain plaintiff in the SHU. Second, plaintiff
14 argues that on certain occasions prison officials relied on other evidence instead of the hostage
15 incident to keep plaintiff in the SHU, including evidence of plaintiff's psychiatric instability,
16 disciplinary problems, prior escape attempts, risk of being harmed, and plans to attack prison
17 staff, which evidence plaintiff argues was unreliable. That is not what the evidence reflects, but
18 even if it were, the hostage incident does not need to be the evidence that officials actually
19 relied on in every decision to retain plaintiff in the SHU in order for it to constitute "some
20 evidence" under *Hill*. The relevant question is whether there is any evidence in the record that
21 could support the conclusion reached by the disciplinary board. *Ibid.* As the hostage incident
22 was evidence in the record that could support the decision that plaintiff presented an undue risk
23 to the safety of the institution and staff, and therefore to retain plaintiff in the SHU, the rule in
24 *Hill* was met. While at some point in time the hostage incident might be too old to still evince
25 any current dangerousness, that was not the case here where only six years had passed between
26 the hostage incident and the date of the latest SHU decision challenged herein. Lastly, plaintiff
27 argues that the officials who decided to place and retain him in the SHU do not have that
28 authority under state law. Even if true, he cites no authority, however, and the court is aware of

3

none, that such a violation of state law implicates his federal right to due process.

## CONCLUSION

For the reasons stated above, the motion to alter or amend judgment (docket number 76) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May   7  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\CATANZARITE677.REC.wpd