UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CATANZARITE,<br><br>    Plaintiff,<br><br>  v.<br><br>R. HOREL, et al.,<br><br>    Defendants. | Case No. 07-cv-00677-WHA<br><br>**ORDER DENYING MOTION FOR RELIEF**<br><br>Re: Dkt. No. 100 |

    Defendants have filed a motion for relief under Civil Local Rule 7-9 (ECF No. 100) from the order of September 24, 2024, which granted in part plaintiff's motion to modify the court filing fees (ECF No. 94). Defendants' motion is **DENIED** for two reasons.

    First, over nine months have passed since the order was issued. Rule 7-9(b) provides a party seeking relief under the rule "must specifically show reasonable diligence in bringing the motion." The only explanation defendants offer for their delay in seeking relief is that plaintiff did not serve his September 17, 2024, motion upon them. However, defendants received notice of the September 24, 2024, *order* on the date it was filed. That order also notified them of plaintiff's motion. Defendants also received two subsequent orders addressing the September 24, 2024, on November 13, 2024, and April 9, 2025, addressing the September 24, 2024, order (ECF Nos. 96, 98). Because defendants have not shown they acted with "reasonable diligence" in waiting over nine months after they received notice of the September 24, 2024, order to seek relief under Civil Local Rule 7-9(b), their motion must be denied.

    Second, defendants' argument that the order is "wrong under the law" is not persuasive. As explained in the order of April 9, 2025, the September 24, 2024, order requires plaintiff to pay a total of twenty percent of his prior month's income, in accordance with 28 U.S.C. § 1915(b)(2):

> The order [of September 24, 2024] authorized prison officials to deduct ten percent of his prior month's income for *each* of his two filing fees, or a total of twenty percent of his prior month's income. See 28 U.S.C. § 1915(b)(2) (requiring twenty percent of prisoner's preceding month's income credited to trust account be deducted and forwarded to the court each time the amount in the account exceeds ten dollars until the filing fee has been paid in full).

(ECF No. 98 at 2:3-8 (emphasis in original).)  As detailed in that order, moreover, twenty percent of his monthly income was in fact deducted from his account (*see id.* at 1:24-2:11.)  Nothing in the court's orders, moreover, relieve plaintiff from the obligation to pay the full amount of both his initial and appeal filing, in accordance with 28 U.S.C § 1915(b)(1).[1]

For the reasons discussed, defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 24, 2025

_____
WILLIAM ALSUP
United States District Judge

---

[1] Defendants state they intend to seek relief under Rule 60(b).  If they do, any such motion must show why it should not be denied for the reason discussed in this paragraph.

2